OCCIDENTAL BUILDING & LOAN ASSOCIATION V. LOUIS F. JOHNSON, APPELLANT: H. P. CONKLIN, INTERVENER, APPELLEE.

FILED JANUARY 8, 1932. No. 28056.

*Morrow & Morrow,* for appellant.

*Clarke & Patterson, contra.*

Heard before GOSS, C. J., DEAN, EBERLY and PAINE, JJ., and WRIGHT, District Judge.

PER CURIAM.

October 5, 1929, plaintiff began its suit to foreclose a first mortgage made by Johnson and wife against the necessary parties then interested in the land. Decree was duly entered July 23, 1930, awarding a first lien for the sum of $2,286.92, with costs and with interest at 10 per cent. from the date of the decree. Request for the statutory stay of nine months was seasonably made. On September 11, 1930, the intervener obtained leave to file his petition of intervention and did so on September 16, 1930, seeking foreclosure of a mortgage made by the same parties on the same land, for $3,531.80, dated June 3, 1930. Decree was entered October 30, 1930, on default of all defendants, finding due the intervener $3,789.23, with costs and interest, as a second lien on the property. A sale was had January 12, 1931, on this latter decree and the sheriff reported it sold to H. P. Conklin, the intervener, for $2,550. The Johnsons sought to have the sale confirmed on this bid, and Conklin sought to have the bid set aside and the sale vacated on the ground of mistake in the bid reported; and that it was not his true bid. Evidence was taken by the court and the sale was vacated.

The sheriff, now out of office, was the only witness whose testimony was taken as to the bidding. It seems confusing and inconsistent. At least twice the witness

says it was a bid of $2,550 and in different places in his testimony he also says: "He said he wanted to bid $100 above the first lien;" "I understood it (the bid) was $100 over the first lien;" "He mentioned it several times that he wanted to bid $100 over the first lien." He testified that Conklin and his attorney "figured out" that the first lien and $100 would amount to $2,550. "That is why I made the return the way I did, that is what I got."

The trial court, who saw and heard the witness, found that the bidder did not intend to make the bid as returned by the sheriff, and set the sale aside. We think he did not err. The judgment of the district court is

AFFIRMED.